IN THE UNITED STATES DISTRICT CIRCUIT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| WILLIAM JONES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 12-CV-1186 |
| ) | |
| NATIONAL CART CO., INC., a corporation, ) | Judge James E. Shadid |
| and NATIONAL CART, LLC, ) | |
| ) | Magistrate Judge Jonathan E. Hawley |
| Defendants/ ) | |
| Third-Party Plaintiffs, ) | |
| v. ) | |
| ) | |
| WAL-MART STORES, INC., a corporation, ) | |
| ) | |
| Third-Party Defendant. ) | |

### THIRD PARTY DEFENDANT WALMART'S
### MOTION TO LIMIT DISCOVERY
### AND FOR ENTRY OF A PROTECTIVE ORDER

NOW COMES Third Party Defendant, WALMART STORES, INC. ("Walmart"), by its attorneys, O'HAGAN, and for its Motion to Limit Discovery and for Entry of Protective Order pursuant to Fed. R. Civ. P. 26(b)(2)(C)(iii) and Fed. R. Civ. P. 26(c), state as follows:

### INTRODUCTION

This products liability case arises from Plaintiff's use of a cart manufactured by Defendant NATIONAL CART CO., INC. [hereinafter referred to as "National Cart"] while employed by Walmart. Plaintiff and Walmart have engaged in discovery but have reached an impasse concerning Plaintiff's discovery request for a nationwide claims run of all work-related incidents relating to Rocket Carts causing ankle/heel/foot injuries including both pre and post-accident time periods – specifically, dates of January 1, 2008 to present.

Third Party Defendant Walmart has objected to this request on the grounds that it seeks information not reasonably calculated to lead to discoverable information, is unduly burdensome,

and confidential and has already produced more limited discovery regarding this issue (as more fully set forth below). Walmart has offered further alternatives to such request in an effort to reach an agreeable alternative which both parties can accept but the parties have not reached such agreement.

As such, Third Party Defendant Walmart moves this Court to limit the scope of discovery to incidents relating to the ST Rocket Cart Model and occurring in Illinois for a time period of April 2008 (when new Rocket Carts shipped to Princeton, Illinois store) to the date of incident in December 2010, and to prohibit the disclosure of personal private information, including the identities of Walmart employees. Alternatively, should this Court deem that any of this information is discoverable and should be disclosed, Third Party Defendant respectfully requests that a protective order for confidentiality be entered pursuant to Fed. R. Civ. P. 26(c).

## PLEADINGS and DISCOVERY BACKGROUND

At the time of filing of this lawsuit, Plaintiff's products liability Complaint sought damages <u>against Defendant National Cart</u> for injuries Plaintiff sustained when using a "Rocket Cart" during his overnight shift while working at Walmart in Princeton, Illinois on December 4, 2010. A copy of Plaintiff's Complaint against National Cart is attached hereto as Exhibit A and is incorporated herein and made a part hereof. Of import, Plaintiff has a pending worker's compensation claim against Walmart arising out of this occurrence, as well, and as such, Plaintiff has not and cannot file a direct cause of action against Walmart in this litigation herein; further, Walmart has filed its affirmative defenses including its defense under *Kotecki v. Cyclops Welding Corp.*, 146 Ill.2d 155, 585 N.E.2d 1023, 166 Ill. Dec. 1 (1991), limiting employer Walmart's liability to the amount of its worker's compensation lien.

Subsequent to Plaintiff's Complaint filing against National Cart, Plaintiff issued a Subpoena for Documents to non-party Walmart in late 2012 which sought the following:

> (1) All documents and electronic communication in your possession or control regarding occurrences between January 1, 2000 and December 4, 2010 in which a Walmart Stores, Inc. employee was injured by coming into contact with a cart manufactured by defendants. The information sought includes, but is not limited to, witness reports of the injury causing event(s), and reports to the injury causing event(s) by Walmart Stores, Inc. to defendants. Information regarding the nature and extent of the injury need not be produced.

This Subpoena originally sought a nationwide claims run for all employees injured by a Rocket Cart which was manufactured by National Cart for a period of 11 years prior to and up until the date of this incident in December 2010. Plaintiff's counsel and Walmart outside counsel Jude Cisneros (not defense counsel herein) discussed and negotiated the breadth of the Subpoena for Documents and reached an agreement such that, on March 6, 2013, Walmart produced a claims run which provided claims information for an 11-store area which included the Princeton, Illinois, Walmart, from July 2000 – December 2010 relating to employees' injuries due to contact with a cart manufactured by Defendants. A copy of emails between Plaintiff's counsel and Walmart's counsel dated December 12-13, 2012, outlining such agreement are attached hereto as Exhibit B and are incorporated herein.

Thereafter, Walmart's responded to Plaintiff's Subpoena for Documents on March 6, 2013, as follows:

> ANSWER: This demand for production is objected to on the grounds that it is vague and ambiguous. Further objection is made on the grounds that the call of the rider to the Subpoena requests documents and information regarding "occurrences", without regard to a particular store location or limited geographical region, over a nearly eleven-year time frame from January 1, 2000, through December 4, 2010, is overly broad and not reasonably limited in time and scope to the subject matter and issues in the case, nor reasonably limited to a single store location or grouping of stores in a limited geographical region, is not reasonably calculated to lead to the discovery of admissible evidence, and is unduly burdensome and harassing. This demand for production also

seeks to invade the privacy of Plaintiff and other persons to the extent it asks for information who have not consented or waived their privacy rights. Walmart also objects to this demand for production on the grounds that it seeks to violate the attorney client and attorney work product privilege.

Without waiving these objections, Walmart responds as follows: **Pursuant to the agreement of counsel, and in a good faith attempt to narrowly tailor the scope of information sought to information that is relevant and helpful to this action, Walmart produces herewith a claims run for the subject store and the nearest surrounding eleven (11) additional store locations (WAL0000030-WAL0000033).** These documents, which were prepared at the direction of counsel specifically for the litigation of this matter are confidential and have been marked as such. By producing these documents Walmart does not waive the attorney-client or work product privileges. Walmart will continue to meet and confer with counsel for the parties regarding further production of documents related to specific claims after the parties have reviewed and met and conferred on the identification of specific claims included herein. Additionally, Walmart's employees, identified in documents produced herewith, shall only be contacted through counsel for Walmart.

Walmart also produces herewith copies of documents pertaining to the claim involved in this lawsuit (WAL0000001-WAL0000022; WAL0000024-WAL0000030) and a cd containing the surveillance video for the subject claim.

A copy of Walmart's Response to Subpoena is attached as Exhibit C, including the 11-store claims run (emphasis added) (other exhibits responsive to Subpoena not included in Exhibit C).

Thereafter, Defendant National Cart filed its Third Party Complaint against Walmart, as Plaintiff's employer, on June 13, 2013, alleging Walmart's involvement in the design of the ST Rocket Cart and further alleging Walmart's negligence in its training, supervision, and monitoring of Plaintiff as an employee operating the ST Rocket Carts. Walmart filed its appearance and substantive pleadings, denying all substantive allegations.

Following Walmart's Rule 26(a) disclosures on December 4, 2013, Plaintiff propounded discovery requests on May 8, 2014, including a second request very similar in nature to the prior

4

Subpoena. Based on the prior responsive information produced via Subpoena by Walmart, Walmart responded as follows to Plaintiff's Interrogatory 9 on June 11, 2014 (emphasis added):

> 9. Identify by date and store location all claims of injury to the heel, ankle or leg of a Walmart employee who was contacted by a Rocket Cart while pulling it.
>
> If Walmart objects to this Interrogatory as unduly burdensome, please describe the process of conducting the search for the information requested.
>
> ANSWER: Objection, vague, overly broad, irrelevant, not limited in time and scope, and unlikely to lead to the discovery of admissible evidence. Without waiving the objections, **of the 21 incidents identified by Plaintiff from a Claims Run previously produced, there were two claims involving employees pulling Rocket Carts involving injuries to the employees' heel, ankle, or leg**, as follows:
>
> May 18, 2008    Walmart Stores, Inc. Injury to heel while pulling Rocket Cart
>
>   401 River Road
>
>   East Peoria, Illinois
>
> June 23, 2009    Walmart Stores, Inc. Injury to right ankle while pulling Rocket Cart
>
>   1640 South Galena Ave.
>
>   Dixon, Illinois

A copy of Walmart's Answer to Plaintiff's Interrogatory 9 is attached hereto as Exhibit D and is incorporated herein.

Plaintiff's counsel subsequently forwarded correspondence on June 12, 2014, regarding Walmart's Answer to Interrogatory 9, specifically seeking a national claims run with use of terms such as pull, Rocket Cart, and heel/ankle/leg for the time period of January 1, 2008 **to present** related to employees' injuries. In response, Walmart responded via correspondence dated July 24, 2014, with its last proposal: <u>production of a claims run for the state of Illinois from January 2008-December 2010 upon the entry of a confidentiality order to include the redaction of employees' personal identifying information including names, addresses, dates of birth, and social security numbers</u>. Plaintiff has refused such proposal.

5

Finally, recent supplemental discovery produced by Walmart in August 2014 reflects purchase orders for ST Rocket Carts for the Princeton, Illinois, Walmart store and shipment of such carts in April 2008 and March 2009. A copy of such discovery response is attached hereto and incorporated herein as Exhibit E.

Fact discovery regarding the Rocket Cart has been significant and extensive. Since the initial written discovery requests and responses, Plaintiff has deposed two corporate representatives located in Arkansas at Walmart's headquarters, the Princeton Walmart store manager, four assistant managers, a maintenance employee, and the former asset protection manager. Additionally, a corporate representative from National Cart has been deposed, as has Plaintiff and his brother (also employed by Walmart at the time of this occurrence). Likewise, Walmart has produced more than 600 pages of general policies and procedures in response to Plaintiff's Request to Produce, copies of the Store file related to Plaintiff's incident, and several video clips pre-incident and post-incident of Plaintiff. Finally, Plaintiff's counsel has already conducted an in-store inspection of the ST Rocket Cart, the specific model involved in Plaintiff's incident at the Princeton store even prior to Walmart being named as a Third Party Defendant. To suggest that Walmart has been anything other than accommodating and reasonable in this discovery process, both prior to and subsequent to being named as a party in this litigation, would be unsupported by the discovery – including written, oral, and on-site inspection – as conducted thus far.

## APPLICABLE LAW

Federal Rule of Civil Procedure 26(b)(2)(C)(iii) states:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the

importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.
Fed. R. Civ. P. 26(b)(2)(C)(iii) (2014).

Regarding entry of Protective Orders, Federal Rule 26(c) states:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted;
> (F) requiring that a deposition be sealed and opened only on court order;
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c) (2014).

Pursuant to Rule 26(b)(2)(C)(iii), this Court has authority to limit discovery where the "burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii) (2014). Furthermore, it is well established that Rule 26(c) empowers district courts to make any protective order "which justice requires to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." *Wauchop v. Domino's Pizza, Inc.*, 138 F.R.D. 539, 545 (N.D. Ind. 1991).

7

## ARGUMENT

Walmart has in good faith attempted to resolve outstanding discovery issues with Plaintiff, but the parties have reached an impasse concerning the production of a national claims run. Specifically, Plaintiff's request for a nationwide claims run of all employees' incidents causing injury to ankle/leg/foot due to any model of Rocket Carts is overbroad and seeks irrelevant information. It also potentially seeks information which is private, namely the identities and other personal identifying information of Walmart employees.

### I. Plaintiff's discovery request seeks information that is not reasonably calculated to lead to discoverable information and overly broad

Notably, Plaintiff's claims arise from injuries suffered as a result of one particular product, the ST Rocket Cart. (See Exhibit A, Plaintiff's Complaint). Plaintiff suffered his injuries while working as an employee of Walmart in December 2010. However, Plaintiff now seeks records pertaining to injuries arising out of all models of Rocket Carts which include an unrelated model, the prior model known as the AL Rocket Cart. This information is patently unrelated to the injuries sustained or to Plaintiff's product claims which are at issue in this case. Accident information pertaining to other carts that were not involved in Plaintiff's case herein is not reasonably calculated to lead to discoverable information of Plaintiff's claims against National Cart. Stated otherwise, <u>Plaintiff's discovery of unrelated Rocket Cart injuries would not assist him in developing his case as related to his injuries</u> arising from the use of a ST Rocket Cart Model.

Additionally, the claims run as previously produced and any further claims runs will not distinguish the particular manufacturer of the Rocket Cart involved in any particular claim or injury. While Walmart has confirmed that the only Rocket Carts used in the Princeton, Illinois, Walmart in 2009-2010 were ones manufactured by Defendant National Cart, there are at least

two other manufacturers of these Rocket Carts which are shipped throughout the United States. As such, to require a national claims run will also include claims for Rocket Carts manufactured by companies other than Defendant National Cart herein.

Finally, claims related to incidents occurring any time after the date of Plaintiff's incident on December 4, 2010, would be irrelevant to the issues in this case, particularly in light of the fact that this will include the older model of Rocket Carts not at issue herein, and will include other manufacturers not named as defendants herein. While discovery is very broad in Illinois, it must be noted that Plaintiff's cause of action is not against Walmart; Walmart is only the Third Party Defendant named by Defendant National Cart. Plaintiff's case, including evidence to be presented at trial, must be presented against National Cart, not Walmart. Here, Plaintiff's evidence and burden of proof will be directed to National Cart, National Cart's design process and knowledge of any dangerous propensities of the ST Rocket Cart which it manufactured and sold to Walmart. Claims of which Walmart is aware regarding all of its Rocket Carts nationwide cannot be imputed to National Cart to support Plaintiff's claims against National Cart. As such, other potential claims from Walmart employees by Rocket Carts which were not National Cart's ST model as involved herein amounts to a fishing expedition which will not elicit any new information which will be relevant to the claims in this lawsuit. As such, Plaintiff should be precluded from conducting a nationwide fishing expedition.

Should this Court find that such information is discoverable, the more appropriate course may require National Cart to identify the Walmart stores to which it shipped its ST Rocket Carts when such carts were manufactured and began shipping nationwide. At the least, this will assist all parties in limiting the Walmart stores which utilized ST Rocket Carts manufactured by National Cart.

## II. Plaintiff's discovery request seeks private information.

Here, the claims run as requested by Plaintiff potentially seeks private information of the employees involved, namely the identities of employees involved in store accidents with Rocket Carts. Walmart employees have an expectation of privacy in their employment with regards to their individual medical conditions, injuries, and claims. For this reason, and to protect Walmart's employees, Walmart previously proposed a redaction of employees' names/identities to Plaintiff's counsel as related to any further claims run(s) which may be produced, but Plaintiff has rejected such a proposal.

Should this Court find that Walmart must produce any additional employees' claims runs regarding Rocket Cart injuries to the heel/ankle/foot, Walmart's employees' privacy dictates that personal identifying information, including names, addresses, dates of birth, social security numbers, and telephone numbers be excluded from any discovery responses or disclosures. Should this Court find that Walmart must disclose any further documents, Walmart seeks entry of a Confidentiality Protective Order, which also prevents the disclosure of the employees' personal identifying information and allows all documents produced in this litigation to be used only in connection with this lawsuit by the parties and attorneys' herein, and to be destroyed upon completion of this litigation. See *Surface Shields, Inc. v. Poly-Tak Protection Systems, Inc.*, 2003 U.S. Dist. LEXIS 13185, 2003 WL 21800424, *1 (N.D.Ill. 2003)(ordering production of customer list but allowing party to designate items as "attorney's eyes only" and strongly suggesting that parties enter into agreed protective order regarding alleged confidential information).

WHEREFORE, for the foregoing reasons, Third Party Defendant Walmart prays for entry of an Order as follows:

1. Finding that Third Party Defendant has sufficiently complied with all outstanding discovery requests propounded by Plaintiff as related to Interrogatory 9 and claims runs for employees' injuries related to Rocket Carts to the ankle/leg/foot; or alternatively,

2. Limiting Third Party Defendant's response to Plaintiff's Interrogatory 9 to employees' claims for the State of Illinois related to Rocket Carts for January 2010 – December 2010, for injuries related to the ankle/leg/foot, upon entry of a Protective Order allowing redaction of otherwise protecting all employees' personal identifying information within said claims run for use in this lawsuit and at the conclusion of same, destruction of such information;

3. For such other and further relief as this Court deems just and proper.

Respectfully Submitted,

s/Heather E. Shea
James P. Balog, Esq. #6185185
Heather E. Shea, Esq. #6226070
Attorneys for Defendant,
Walmart Stores, Inc.
O'HAGAN, LLC
1 E. Wacker Drive, Ste. 3400
Chicago, Illinois 60601
(312) 422-6100
jbalog@ohaganlaw.com
hshea@ohaganlaw.com