## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM JONES, )<br>)<br>       Plaintiff, )<br>)<br>   v. )<br>)<br>NATIONAL CART CO., INC., a corporation, )<br>and NATIONAL CART, LLC., )<br>)<br>       Defendants. )<br>)<br>_____ )<br>)<br>NATIONAL CART CO., INC., a corporation, )<br>and NATIONAL CART, LLC., )<br>)<br>       Third Party Plaintiffs, )<br>)<br>   v. )<br>)<br>WAL-MART STORES, INC., )<br>a corporation, )<br>)<br>       Third Party Defendant. ) | Case No. 12-1186 |

## **O R D E R**

This matter is now before the Court on the parties' Motions in Limine. For the reasons set forth below, Plaintiff's Motions in Limine No. 1-12 [84] are GRANTED IN PART and DENIED IN PART, while Motion in Limine No. 13 [85] is DENIED. National Cart's Motions in Limine [80] are GRANTED IN PART and DENIED IN PART, and Third-Party Defendant Wal-Mart's Motions in Limine [89] are GRANTED IN PART and DENIED IN PART.

## DISCUSSION

A. **<u>Plaintiff's Motions in Limine</u>**

    1.    Plaintiff's Motion in Limine No. 1 requests an order barring any evidence or reference to Worker's Compensation Insurance as it is an irrelevant, collateral source. Defendants have no objection to this request, and Plaintiff's Motion in Limine No. 1 is therefore GRANTED.

    2.    Plaintiff's Motion in Limine No. 2 moves to exclude witnesses, other than the parties and designated corporate representatives, from the courtroom prior to the completion of their testimony. Defendants have no objection to this request, and Plaintiff's Motion in Limine No. 2 is therefore GRANTED.

    3.    Plaintiff's Motion in Limine No. 3 seeks to preclude any testimony or evidence suggesting that at or immediately before the time of the occurrence at issue Plaintiff was careless or negligent, as this is a strict liability action and contributory negligence is not a defense to a strict liability claim under Illinois law. *Williams v. Brown Mfg. Co.*, 45 Ill.2d 418 (1970). Defendant National Cart agrees that contributory negligence is not a defense to this case, but argues that the request to bar any and all reference to carelessness by Plaintiff is overbroad and is not warranted by the stated basis for the request. Third Party Defendant Wal-Mart also objects to the motion given that Plaintiff's conduct is relevant to National Cart's negligence allegations against Wal-Mart.

    The Court concurs that the requested preclusion is overbroad and seeks a blanket ruling that has not been properly justified at this point. While National Cart will not be allowed to assert a contributory negligence defense to the strict liability claim, the Court cannot find on this record that all references to Plaintiff's conduct are irrelevant or unfairly prejudicial outside the context of the trial itself. That being said, nothing in this ruling prevents Plaintiff from making specific objections

at trial or seeking a cautionary instruction as to the purposes for which such testimony can and cannot be considered by the jury. The motion is therefore GRANTED IN PART and DENIED IN PART.

    4.      Plaintiff's Motion in Limine No. 4 asks the Court to bar reference to customs and practices of other manufacturers in the material handling cart industry, as industry custom and practice is not a defense to a strict liability claim. National Cart responds that industry custom and practice is one of the risk utility factors approved by the Illinois Supreme Court in *Calles v. Scripto-Tokai Corp.*, 224 Ill.2d 247, 260 (2007), which is to be considered by the jury in determining whether a product is unreasonably dangerous. Evidence on the availability and feasibility of alternative designs, conformity with design standards, and availability of a substitute product has been found relevant to this inquiry. *Id.* The Court agrees, and Plaintiff's motion is therefore DENIED.

    5.      Plaintiff's Motion in Limine No. 5 requests an exclusion of evidence that the design decisions for the pull handle and caster plate assemblies of the ST-Rocket Cart were attributable to Wal-Mart and not National Cart, as Illinois law vests manufacturers with a non-delegable duty to manufacture a product which is reasonably safe. *Dozer v. Savage Manufacturing & Sales, Inc.*, 142 Ill.2d 176 (1991). Plaintiff also argues that the evidence indicates that while Wal-Mart requested a nesting feature in the new cart design, particular design specifications were left to National Cart. National Cart maintains that there is a genuine issue of material fact regarding Wal-Mart's involvement in design decisions that must be determined at trial.

The Court cannot find on this limited record that evidence regarding Wal-Mart's role in the design of the ST-Rocket Cart is not relevant for any admissible purpose, including the third-party

claims. Accordingly, the motion is therefore DENIED subject to making specific objections at trial or seeking a cautionary instruction as to the purposes for which such testimony can and cannot be considered by the jury.

6.  Plaintiff's Motion in Limine No. 6 moves to exclude evidence that Plaintiff "misused" the ST-Rocket Cart, as Defendants have not pleaded the affirmative defense of misuse, the evidence does not otherwise support a misuse defense, and there is no evidence that any misuse by the Plaintiff was a proximate cause of his injury. National Cart's mechanical engineer, Ralph Barnett, agrees that: (1) pulling a cart by its handle is not misuse; (2) having the amount of load on the cart is not misuse; (3) slowing the cart down to go around a corner is not misuse; (4) stopping the cart before turning is not misuse; and (5) pushing the handle up to try to stop the cart is not misuse. However, Barnett does opine that placing lading on a shelf at the rear of the cart and pushing the shopping cart while pulling the ST-Rocket Cart ( the "tandem" operation) were misuse; of these, only the so-called tandem operation is arguably relevant to the facts of this case.

National Cart responds that a motion in limine is not the proper place to raise challenges to the substance of an expert's testimony; rather, such challenges must either have been made via a *Daubert* motion or on cross-examination at trial. Plaintiff did not file a *Daubert* motion regarding Barnett's expert opinion, and the time for doing so expired more than six months ago. National Cart agrees that it did not plead a defense of misuse, but further contends that this testimony is relevant to its affirmative defense of assumption of the risk, which takes into consideration whether the user proceeded despite his knowledge and understanding of the danger of using the product as he did. While National Cart will not make any argument suggesting misuse of the ST-Rocket Cart by Plaintiff, it will present evidence that he departed from safe practices. Third-Party Wal-Mart adds

that this evidence is potentially relevant to National Cart's negligence claims against it. These are both fair game and will be allowed.

Accordingly, the motion is GRANTED IN PART with respect to any effort to argue a misuse defense and DENIED IN PART as it could pertain to the assumption of risk defense or to the negligence claims against Third-Party Wal-Mart. Again, nothing in this ruling prevents Plaintiff from making specific objections at trial or seeking a cautionary instruction as to the purposes for which such testimony can and cannot be considered by the jury.

7. Plaintiff's Motion in Limine No. 7 requests the exclusion of any evidence or argument that Plaintiff failed to mitigate his damages by declining to have a pain pump surgically implanted. Specifically, Plaintiff notes that he is under no duty to submit to a major surgical procedure, particularly where the prospect for improvement in his health would be slight. He adds that failure to mitigate has not been pled as an affirmative defense. National Cart responds that while it is not asserting a failure to mitigate defense, Plaintiff's refusal to comply with his treating physician's recommendation that he should attempt the pain pump procedure to assist in reducing his pain is relevant to the jury's determination of the nature and extent of Plaintiff's injury and pain. The Court agrees that any prejudice does not substantially outweigh the probative value of this evidence and can be cured through Plaintiff's testimony explaining the reasons for his decision, as well as a cautionary instruction if requested. The motion is therefore GRANTED IN PART with respect to any effort to assert a failure to mitigate defense and DENIED IN PART with respect to issues regarding the nature and extent of Plaintiff's injury and pain.

8. Plaintiff's Motion in Limine No. 8 seeks an order barring cross-examination of Plaintiff's biomechanical engineering expert, Manuel Forero-Rueda, as to whether the subject ST-

Rocket Cart is unreasonably dangerous as beyond the scope of his investigation in this case. Dr. Rueda's opinion was limited to the forces of impact and the effect of forces on the skin by components of the ST-Rocket Cart. However, Dr. Rueda did opine that the product posed the risk of causing a skin laceration and that dangerousness of the product would depend on the severity of the injury. National Cart responds that while it has no intention of asking Dr. Rueda for his opinion as to the ultimate issue of whether the ST-Rocket Cart as designed and sold was unreasonably dangerous, the safety aspects of the product are one of the risk utility factors approved by the Illinois Supreme Court in *Calles*, which is to be considered by the jury in determining whether a product is unreasonably dangerous. Evidence on the likelihood that a product will cause injury and the probable seriousness of the injury has been found relevant to this inquiry. *Id.* The Court agrees, and Plaintiff's motion is therefore DENIED.

9. Plaintiff's Motion in Limine No. 9 asks the Court to bar Defendant's expert mechanical engineer, Ralph Barnett, from rendering opinions about the "accident frequency rate" (AFR) of the ST-Rocket Cart. Specifically, Plaintiffs assert that this opinion is not sufficiently reliable or relevant.

National Cart again responds that a motion in limine is not the proper place to raise challenges to the substance of an expert's testimony; rather, such challenges must either have been made via a *Daubert* motion or on cross-examination at trial. Plaintiff did not file a *Daubert* motion regarding Barnett's expert opinion, and the time for doing so expired more than six months ago. In any event, Plaintiff's criticisms go to the weight to be given to Barnett's testimony rather than its admissibility. The motion is therefore DENIED.

10.     Plaintiff's Motion in Limine No. 10 argues that any lay opinion that he committed an unsafe act by pushing a shopping cart while pulling the ST-Rocket Cart should be barred. Essentially, this refers to testimony by Wal-Mart supervisory employees that they thought the training module or some other document prohibited this act, but there has been no evidence supporting this belief. Plaintiff contends that such an opinion invades the province of the jury, lay witnesses are not qualified to offer such an opinion, such an opinion is irrelevant because contributory negligence is not a defense to strict liability claims, and there is no evidence that pushing a shopping cart at the time of the occurrence was a proximate cause of his injury.

National Cart responds that Wal-Mart's management employees have real world experience with Rocket Carts and their movement through the stores on a daily basis, which qualifies them to evaluate whether pushing a shopping cart and pulling a Rocket Cart is an unsafe act. Moreover, National Cart agrees that contributory negligence is not a defense, but further contends that this testimony is relevant to its affirmative defense of assumption of the risk, which takes into consideration whether the user proceeded despite his knowledge and understanding of the danger of using the product as he did.

Unless Defendants can offer some connection between these opinions of unsafe practices and Plaintiff's knowledge or understanding, the testimony is irrelevant and unfairly prejudicial, even with respect to assumption of risk. National Cart will not make any argument suggesting contributory negligence by Plaintiff or present lay opinion evidence that he departed from safe practices absent some link to either training materials, policy, or some other type of communication of which Plaintiff was or should have been aware. The motion is therefore GRANTED. If Defendants are able to

bridge this gap, they are given leave to ask the Court to revisit the issue outside the presence of the jury prior to the introduction of such testimony.

      11.     Similar to Motion in Limine No. 10, Plaintiff's Motion in Limine No. 11 moves to exclude evidence of any oral instructions by Wal-Mart supervisors not to push shopping carts while pulling a Rocket Cart. Specifically, Assistant Manager Matthew Kraft testified that he permitted employees on the third shift to use shopping carts to hold empty boxes to save trips to the bailer, but claimed that employees were trained by the computer based learning system not to use two carts at once; the computer based learning system does not include this prohibition. Store Manager David Jensen testified that it was improper for an employee to push one cart and pull another, but knew of no written policy informing employees not to do so and was unsure if the computer based learning system covered this. Assistant Manager Glenn Neubauer testified that he saw unspecified employees pushing a shopping cart while pulling a Rocket Cart several times and instructed them not to do so; he also trained another store not to do this but was unsure whether it was a Wal-Mart policy or prohibited by the computer based learning system. Assistant Manager Michelle Carter saw employees pulling a Rocket Cart while pushing a shopping cart about 25 times and suggested that they not do that, but never saw any documentation regarding this practice. Third-Shift Assistant Manager Donna Lopez recalled no training or policy on how to use a Rocket Cart, and stated that she saw employees do this but thought it was not a good idea. Although Lopez had instructed an unidentified employee not to do this a couple of times, she never gave those instructions to Plaintiff and knew that third-shift employees used a shopping cart to hold cardboard because the receptacle on the side of the Rocket Cart was not big enough to contain the cardboard that was carried in a typical load.

National Cart again responds that Wal-Mart's management employees are qualified to evaluate whether pushing a shopping cart and pulling a Rocket Cart is an unsafe act and that Plaintiff is improperly trying to challenge the efficacy of Wal-Mart's instructions prohibiting the use of two carts. National Cart argues that exclusion of this evidence would impair its assumption of risk defense, and Wal-Mart contends that it is relevant to its defense against National Cart's claim. However, assumption of risk requires proceeding in the face of a known danger and that is what appears to be missing in this case. Defendants again miss the point that there is no "evidence" that Wal-Mart did have an actual policy or training materials prohibiting this conduct, as certain managers suggesting that certain unidentified employees were inconsistently told it wasn't a good idea on a few unidentified occasions does not make such a showing. The testimony indicates that employees did push shopping carts in front of Rocket Carts, and there is nothing in the record promoting the reasonable inference that Plaintiff was ever instructed, advised, or even overheard that it was inadvisable or dangerous. The proffered testimony would therefore be unfairly prejudicial to Plaintiff on the record before the Court.

To the extent that pushing a shopping cart at the same time is thought by these employees to be "distracting," that is something that is within the ordinary comprehension of the jury, and opinion testimony by individuals who did not personally observe the accident would not be helpful. The jury will be able to watch the video recording of the occurrence and determine for themselves whether Plaintiff was distracted or in control of the carts, and Defendants may argue their interpretation of the recording. As with Motion in Limine No. 10, the motion is therefore GRANTED. If Defendants are able to bridge the identified gap or offer some other permissible use

for this testimony, they are given leave to ask the Court to revisit the issue outside the presence of the jury prior to the introduction of such testimony.

12.     Plaintiff's Motion in Limine No. 12 seeks exclusion of evidence, argument, or comment on his smoking habit, as such evidence is irrelevant in the absence of a mitigation of damages defense, and there is only speculation that cessation of smoking might assist in his recovery. National Cart points to the testimony of Dr. Lubenow that smoking causes negative effects on Plaintiff, does not assist him in overcoming his condition of CRPS, and can cause some of the same physical symptoms as CRPS because the nicotine in cigarettes causes a similar effect on blood vessels. In this respect, National Cart argues that this evidence is relevant to the jury's determination of the nature and extent of Plaintiff's injury and pain. The Court agrees that any prejudice does not substantially outweigh the probative value of this evidence and can be cured through a cautionary instruction if requested. The motion is therefore GRANTED IN PART with respect to any effort to assert a failure to mitigate defense and DENIED IN PART with respect to issues regarding the nature and extent of Plaintiff's injury and pain.

13.     Plaintiff's Motion in Limine No. 13 attempts to bar National Cart from asserting the affirmative defense of assumption of risk. *Malen v. MTD Products, Inc.*, 628 F.3d 296, 313 (7th Cir. 2010). Establishing assumption of risk requires proof that the plaintiff was "aware of the product defect and voluntarily proceeded in disregard of the known danger." *Court v. Grzelinski*, 72 Ill.2d 141, 149 (1978). Plaintiff argues that there is simply no evidence establishing that he appreciated any risk from the design of the Rocket Cart at all, much less that he understood or appreciated a specific risk posed by the design of the caster plate assembly and pull handle of the Rocket Cart prior to the time of his injury. As subjective, rather than objective, knowledge must be demonstrated,

Plaintiff maintains that the absence of such evidence is fatal to National Cart's defense. *See IPI Civil*, 400.05, Comment.

National Cart contends that the focus of the assumption of risk defense has been misinterpreted by Plaintiff, as the knowledge that is required is of the conditions claimed to have made the product unreasonably dangerous. Here, that would be the location and configuration of the caster plate assembly, which is alleged to have unreasonably subjected users to dangerous impact into their feet and ankles. National Cart cites to testimony in Plaintiff's deposition to the effect that: (1) he knew that getting hit by Rocket Carts was an everyday thing; (2) when you push back on the handle, it goes flat and is going to get you; (3) every time you stop, the carts come running into the back of you; (4) he was struck by a Rocket Cart a bund of times; (5) the Rocket Carts have sharp edges on the bottom; (6) before when he tried to come to a stop, "it'd just nick me in the back of the foot;" (7) he wrote on an incident log form that the Rocket Carts were extremely unsafe; (8) the Rocket Cart doesn't have any bumpers over the sharp edges on the bottom; (9) his brother and others were injured by a Rocket Cart running into the back of their foot or heel before he was.

This is testimony relevant to the assumption of risk defense, as it directly pertains to Plaintiff's knowledge and awareness of the allegedly defective design and potential danger of the Rocket Cart. Accordingly, there is some evidence from which a jury could conclude that he appreciated the risk posed by the design of the ST-Rocket Cart and proceeded anyway, and Plaintiff's motion is therefore DENIED.

**B.    National Cart's Motions in Limine**

    1.    National Cart's Motion in Limine No. 1 attempts to exclude Plaintiff's Exhibits 44 and 45 from consideration at trial. Exhibit 44 has been referred to as Wal-Mart's National Claims

Run dated November 26, 2014, and Exhibit 45 is Plaintiff's Expert Joseph Leane's summary of 44. National Cart asserts that there is no evidence establishing the accuracy of the National Claims Run or the manner in which data was obtained and entered into the system that would ultimately generate this report. Additionally, the document is purported to be hearsay, does not identify the victim, how the injuries were sustained, or the physical location of the injuries.

      Plaintiff responds that evidence of similar incidents that caused injury to users is one element of a risk-utility analysis used to demonstrate that the ST-Rocket Cart is unreasonably dangerous. The Court has already rejected an attempt to exclude the National Claims Run based on claimed flaws in the database as going to weight rather than admissibility and held that Plaintiff's expert, Leane, can rely on it. The report was produced by Wal-Mart pursuant to a request for all work related injuries related to Rocket Carts causing injury to a foot, ankle, heel or leg from 1/1/08 through 11/10/14. Plaintiff argues that substantial similarity is established by the fact that the information is kept by Wal-Mart to tracks incidents involving employees who suffered injuries to ankle/heels/feet while pulling Rocket Carts. The information shows the number of workers compensation claims arising from the carts, which Plaintiff suggests documents a hidden cost to Wal-Mart in terms of medical payments, wages paid during disability, lump sum awards, etc., that mitigate against utility in terms of the risk-utility analysis. *Stollings v. Ryobi Technologies, Inc.*, 725 F.3d 753, 767-768 (7th Cir. 2013). Authenticity and non-hearsay status are established by the fact that it is information extracted from incident reports that has been collected, organized, and kept in the ordinary course of business by Wal-Mart at or near the time of the incidents by managers charged with that responsibility and was produced by Wal-Mart through its counsel, making it a self-authenticating business record under Fed. R. Evid. 803(6) and 903(11).

The Court finds that Defendant's attempt to exclude the National Claims Run and summary by Leane is not meritorious. While National Cart is free to point out alleged flaws in the document and cross-examine any witnesses relying on it, the National Claims Run is not inadmissible and its substantial probative value is not outweighed by the danger of unfair prejudice. To the extent that National Cart wished to obtain additional information on the incidents reflected in the report, it could have requested further discovery from Wal-Mart. The motion is therefore DENIED. The parties are free, however, to enter into a stipulation addressing the substance of the data contained in this report if they choose to do so.

2.    National Cart's Motion in Limine No. 2 argues that Plaintiff's Exhibit 36 should be excluded. Exhibit 36 is a speech by Defendant's expert Ralph Barnett entitled "The Trial Court" that was delivered on May 10, 1977, and addresses Barnett's thoughts on how to handle cross-examination when testifying as an expert. While Plaintiff is certainly free to cross-examine Barnett, the speech has no probative value and National Cart contends that it would be substantially unfair to allow Plaintiff to use the speech to establish that Barnett has an intent to deceive at trial.

Plaintiff responds that he is entitled to discredit Barnett on cross-examination by exposing circumstances that call his credibility or bias as a "hired gun" into question. The speech in question suggests tactics for expert witnesses to use to survive cross-examination on the witness stand, such as using "science as a foreign language" by making a statement that absolutely nobody could understand. The Court finds this to be relevant to the issue of Barnett's credibility as a witness, and Plaintiff may make limited use of this evidence during cross-examination. The motion is therefore DENIED.

3.	National Cart's Motion in Limine No. 3 seeks to preclude Plaintiff from introducing Exhibit 30, an attorney's diagram and photos of the location of the accident. Rather, Exhibit 73 is a diagram of the Princeton, Illinois store identified by Plaintiff at his deposition to be a true and accurate representation of the Wal-Mart store at the area of the occurrence. As such, Exhibit 73 does not suffer from the same foundational problems as Exhibit 30. Plaintiff explains that Exhibit 30 is not intended to be a store layout and will not be used for that purpose; rather, it is simply a visual to explain the direction and angle from which the accompanying photos were taken. Plaintiff further agrees that a proper foundation will be laid before seeking admission of the exhibit. National Cart's motion is therefore GRANTED IN PART with respect to any use of Exhibit 30 as a representation of the store layout and DENIED IN PART with respect to an attempt to introduce Exhibit 30 to clarify the angle and location of the accompanying photos.

4.	National Cart's Motion in Limine No. 4 requests exclusion of Exhibit 76, which is Michael Jones Jr.'s 2014 W-2 form from MC Sports. This Motion relies on the argument made in National Cart's Motion to Exclude Future Caretaking Expenses, which has previously been denied by the Court. Accordingly, for the reasons set forth in the Court's Order [132], this motion is also DENIED.

C.	**Wal-Mart's Motions in Limine**

1.	Wal-Mart's Motion in Limine No. 1 objects to any argument that damages should be awarded to "send a message" to Wal-Mart or the retail community in general is unfairly prejudicial in the absence of a claim for punitive damages. There is no objection to this motion, and it is therefore GRANTED.

2. Wal-Mart's Motion in Limine No. 2 moves to exclude any comments regarding its ability to pay a judgment or references to its status as a large company or the world's largest corporation as irrelevant to the issues of negligence, proximate cause, and damages pending against it and would be unfairly prejudicial. Plaintiff agrees that any comments on Wal-Mart's ability to pay a judgment would be inappropriate. However, given the risk-utility analysis required for the strict liability claims, Wal-Mart's ability to pay the extra cost for adding a guard to eliminate the allegedly unsafe character of the product without making it cost prohibitive as proposed by Plaintiff's expert would be relevant. *Cummings v. Lyle Industries*, 93 F.3d 362 (7th Cir. 1996); *Calles*, 224 Ill.2d at 260. The Court agrees and finds that in the absence of a stipulation dealing with this information, Plaintiff may make reference to the specific financial information referenced in its response for the limited purpose of addressing any testimony or argument by Defendants that the cost of the proposed corrective modifications to the ST-Rocket Cart would be prohibitive. An appropriate cautionary instruction will be considered if requested. Wal-Mart's motion is therefore GRANTED IN PART and DENIED IN PART.

3. Wal-Mart's Motion in Limine No. 3 argues that evidence of any other accidents at this or other Wal-Mart or Sam's Club stores is irrelevant and unfairly prejudicial. Specifically, Wal-Mart asserts that the National Claims Run involves unrelated models and does not include any information as to the circumstances of the incidents. As the Court recognized in ruling on National Cart's Motion in Limine No. 1, the Court has already rejected an attempt to exclude the National Claims Run based on claimed flaws in the database as going to weight rather than admissibility and held that Plaintiff's expert, Leane, can rely on it. The Court further held that Defendants are free to point out alleged flaws in the document and cross-examine any witnesses relying on it. The National

Claims Run is not inadmissible and its substantial probative value is not outweighed by the danger of unfair prejudice. To the extent that Wal-Mart felt the need to offer additional evidence to distinguish or explain the incidents reflected in the report, such information is within its own possession and/or control and could have been produced. Wal-Mart's motion is therefore DENIED. However, nothing in this ruling prevents the parties from entering into an agreed stipulation with respect to this information.

4. Wal-Mart's Motion in Limine No. 4 seeks to bar evidence regarding an injury to another employee, Jessica Clark, as inadmissible hearsay. Plaintiff agrees, and the motion is therefore GRANTED.

5. Wal-Mart's Motion in Limine No. 5 objects to any evidence concerning the absence of its policies or procedures or suggesting that Wal-Mart violated its own store policies and procedures regarding the training and supervision of employees relating to the Rocket Carts, as the policy does not create a legal duty on its part. *Fillpot v. Midway Airlines, Inc.*, 261 Ill.App.3d 237, 633 N.E.2d 237 (4th Dist. 1994). While Wal-Mart is correct that the presence or absence of a policy may be irrelevant to determining its liability on the Third-Party claims in this case, the same evidence is clearly relevant for the limited purpose of National Cart's defense of assumption of risk and Plaintiff's ability to respond to that defense. The parties are free to work out a stipulation as to what is or is not covered in Wal-Mart's training/policies that would eliminate the need for the admission of the policies themselves, and the Court will consider an appropriate cautionary instruction upon request. The motion is therefore GRANTED IN PART as to use of such evidence to establish a duty on the part of Wal-Mart and DENIED IN PART as to use of such evidence for the limited purpose of the assumption of risk defense and Plaintiff's response thereto.

6.      Wal-Mart's Motion in Limine No. 6 requests the exclusion of any testimony or evidence regarding Wal-Mart's patent on the nesting Rocket Cart and the related Licensing Agreement with National Cart as irrelevant. Wal-Mart argues that the patent was obtained to have a competitive advantage over competitors in terms of moving freight onto the sales floor and has no bearing on the design or manufacture of the product. Plaintiff and National Cart object that the patent (which lists Wal-Mart supervisors McSweeny and Gregory as inventors) is evidence of the parameters that Wal-Mart gave to National Cart and its involvement when the design process began. The Licensing Agreement, which limited National Cart to selling the nesting Rocket Carts to anyone other than Wal-Mart and certain retailers within sports stadiums and airports, is said to be relevant to explain to the jury why Wal-Mart possesses all of the information regarding injuries to users of the product. The motion is therefore DENIED.

7.      Wal-Mart's Motion in Limine No. 7 moves to bar testimony or evidence that Wal-Mart employees did not properly complete the store's internal paperwork following Plaintiff's accident. This motion is undisputed and is therefore GRANTED.

8.      Wal-Mart's Motion in Limine No. 8 argues that testimony or evidence that it improperly trained or supervised its employees in the operation of the ST-Rocket Cart should not be allowed as it is outside the common knowledge of the jury and no expert testimony on this subject has been disclosed. This motion is unopposed and is therefore GRANTED.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motions in Limine No. 1-12 [84] are GRANTED IN PART and DENIED IN PART, while Motion in Limine No. 13 [85] is DENIED. National Cart's

Motions in Limine [80] are GRANTED IN PART and DENIED IN PART, and Third-Party Defendant Wal-Mart's Motions in Limine [89] are GRANTED IN PART and DENIED IN PART.

ENTERED this 24th day of November, 2015.

                                              s/ James E. Shadid
                                              James E. Shadid
                                              Chief United States District Judge